**Bleich v Board of Mgrs. of 13 Harrison St. Condominium**

2025 NY Slip Op 32009(U)

June 6, 2025

Supreme Court, New York County

Docket Number: 155721/2024

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. MARY V. ROSADO**

*Justice*

-------------------------------------------------------------------------X

MICHAEL BLEICH, and ALEXIS BLEICH,

                 Plaintiffs,

        - v -

THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM, 13 HARRISON LLC, ARNULF DAMERAU, JOHN DOES 1-5

                 Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| PART | 33M |
| INDEX NO. | 155721/2024 |
| MOTION DATE | 04/04/2025 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139, 140

were read on this motion to/for             ALTERNATE SERVICE         .

Upon the foregoing documents, and after a final submission date of April 29, 2025, Plaintiffs Michael Bleich and Alexis Bleich's motion to seeking an order permitting alternate service of their summons and complaint on Defendant Arnulf Damerau ("Mr. Damerau") or in the alternative, granting a 210-day extension of time to serve Mr. Damerau through the Hague Convention, directing defendants to provide Plaintiffs with the current address for Mr. Damerau, and seeking reimbursement for costs incurred in completing Hague Service, is granted in part and denied in part.

In motion sequence 002, this Court granted Plaintiff a 90-day extension of time to serve Mr. Damerau, who allegedly lives abroad and is a German Citizen, in accordance with the Hague Convention. There is no dispute that Mr. Damerau has notice of this lawsuit as he has appeared via counsel on numerous applications to oppose Plaintiffs' motion for injunctive relief and has moved to dismiss the action for lack of proper service. Nonetheless, in what appears to be an act

155721/2024   BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM ET AL
Motion No. 003

Page 1 of 4

[* 1]

of gamesmanship, Mr. Damerau's attorneys have refused to provide Plaintiffs with Mr. Damerau's address for service of process. Mr. Damerau allegedly resides overseas and is a German citizen.

Since then, Plaintiffs have obtained a quote for effectuating Hague Service in Germany on Damerau, which is purportedly $8,900. They argue that Mr. Damerau's refusal to provide an address for service, and the costs associated with Hague Service, make service of process impracticable and ask this Court to allow for e-mail service on Mr. Damerau's counsel. The Court finds alternate service via e-mail on Mr. Damerau's counsel is appropriate to avoid further delays to litigation, especially as there is no dispute Mr. Damerau has notice of this action and has appeared via counsel to oppose a motion for injunctive relief and to move to dismiss Plaintiffs' Complaint.

While not explicitly authorized, service by e-mail is not prohibited by state or federal law, or the Hague convention (*Alfred E. Mann Living Trust v ETIRC Aviation S.a.r.l.*, 78 AD3d 137, 141 [1st Dept 2010]). Nor does the Hague Service Convention contain an exhaustion requirement whereby alternate service can only be directed when service via the Hague Convention fails (*In GLG Life Tech Corp. Securities Litigation*, 287 FRD 262, 266 [SDNY 2012]; *see also Renren, Inc. v XXX*, 67 Misc.3d 1219[A] at *19 [Sup Ct, New York County 2020] [Borrok, J.] *aff'd, Matter of Renren, Inc.*, 192 AD3d 539 [1st Dept 2021]).

As Mr. Damerau has appeared in this action by counsel and vigorously opposed Plaintiffs' motion for injunctive relief, and seemingly seeks to stall or delay the action by refusing to provide his address for service and forcing Plaintiffs to engage in lengthy and costly Hague Service, rather than engage in New York's preferred public policy – which is to litigate cases on the merits, the Court finds alternate service appropriate. To find otherwise would be permitting form over substance in a perversion of justice and would unreasonably delay this litigation (*see generally*

155721/2024   BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM ET AL
Motion No. 003

Page 2 of 4

[* 2]

2 of 4

*Genao v Salcedo Maintenance Corp.*, 168 AD3d 528, 529 [1st Dept 2019] citing *Yea Soon Chung v Mid Queens LP*, 139 AD3d 490 [1st Dept 2016] [public policy favors resolving cases on the merits]). Nor has Mr. Damerau shown any prejudice he faces from being served with process via e-mail.

Therefore, the Court finds Plaintiffs have made the requisite showing to allow for substitute service via e-mail, and Mr. Damerau's opposition to this showing falls short. Because the Court allows for substitute service via e-mail on Mr. Damerau's counsel, the branch of the motion which seeks an order directing Mr. Damerau to provide his physical address for service is academic. The Court grants an additional fourteen days from entry of this Decision and Order for service of process via e-mail to take place.

Accordingly, it is hereby,

ORDERED that Plaintiffs' motion is granted to the extent that Plaintiffs are permitted to effectuate service of process on Mr. Damerau via e-mail to his counsel in this action, and such service shall be effectuated within fourteen days of this Decision and Order; and it is further

ORDERED that all other requested relief in this motion is denied as academic; and it is further

ORDERED that the parties are directed to meet and confer immediately and submit a proposed preliminary conference order to the Court via e-mail to SFC-Part33-Clerk@nycourts.gov, but in no event shall the proposed preliminary conference order be submitted any later than September 3, 2025;[1] and it is further

---

[1] This date is for submission of a proposed order only – it is not to appear for a conference. If the parties have a serious discovery dispute requiring Court intervention, they shall contact the Court to schedule an in-person conference.

155721/2024   BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM ET AL
Motion No. 003

ORDERED that within ten days of entry, counsel for Plaintiffs shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| __6/6/2025__ | __My V Rosa JSC__ |
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**155721/2024   BLEICH, MICHAEL ET AL vs. THE BOARD OF MANAGERS OF 13 HARRISON STREET CONDOMINIUM ET AL**
**Motion No.  003**

**Page 4 of 4**

4 of 4

[* 4]